THE SAVANNAH, FLORIDA AND WESTERN RAILWAY COMPANY *vs*. HARRIGAN.

1. The plaintiff testifying as a witness in his own favor, it was error to allow him to say as a part of his evidence, that his character for truth and veracity had never been attacked, and that he boarded with Kennedy, the tailor, who could testify to his good character.
2. A new trial should be granted for a manifest, even though a minor error of law, where the general merits of the case as one for recovery at all are doubtful, and where the damages found are apparently excessive.

July 11, 1888.

Witness. Evidence. New trial. Practice. Before Judge ADAMS. Chatham superior court. June term, 1887.

Harrigan sued the railroad company for damages for the loss of three fingers cut off by a circular saw. He was a carpenter, employed with others by the company about its shops, repairing and building cars, etc. He claimed that the saw was defective and unsafe, and that

he did not know this until after he was injured, and could not have discovered it. The defendant claimed that his duty did not require him to do the work in the perform- ance of which he was hurt, but that in doing it he left his own special work. On this point, and as to the negligence of the plaintiff and the other servants, the evidence was conflicting. The defendant introduced a number of wit- nesses who testified as to the good condition of the saw.

The verdict was for the plaintiff in the sum of $4,245. The defendant moved for a new trial on the grounds that the verdict was contrary to law and evidence and excessive, and because the court allowed the testimony stated in the first head-note. This motion being overruled, it excepted.

CHISHOLM & ERWIN, for plaintiff in error.

R. R. RICHARDS, *contra.*

BLECKLEY, Chief Justice.

1. In a case so close as this upon the merits of the con- troversy, illegal testimony, though in itself trivial, might sway the jury and control the verdict. It was palpable error, we think, to suffer the plaintiff to testify, over ob- jection, that his character for truth and veracity had never been attacked, and that he boarded with Kennedy, the tailor, who could testify to his good character. There is no rule in or out of the books, so far as we know or have ever heard, by which this evidence could be classified as admissible.

2. The error, though so obvious, is so slight, that it would be no cause for granting a new trial under ordinary circumstances; but this case, upon the legal evidence, is very, very doubtful. If the plaintiff below is entitled to recover at all, on the general merits of the dispute, he is *barely* entitled; he has no surplus of merits to balance off against his own illegal testimony, and he ought to get his verdict, if he can, without the aid of such testimony. Fur-

thermore, the damages are apparently excessive. We do not undertake to say absolutely that they are too much, but tested by the evidence and by the ordinary run of recoveries in damage cases, cases of personal injury, they have to us a look of disproportion.

Though the only error committed on the trial (we find only the one) was of a minor character, we think it was cause, *in this case*, for a new trial, and that a new trial should be granted.

Judgment reversed.